UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FRANKS,<br><br>                            Plaintiff,<br><br>v.<br><br>JEFFREY FRANKS et al.,<br><br>                           Defendants. | Case No.: 3:17-CV-893-CAB-AGS<br><br>***SUA SPONTE* ORDER OF REMAND TO STATE COURT** |

On December 8, 2016, Plaintiff Daniel Franks filed a complaint for unlawful detainer against Defendants Jeffrey Franks, Guardian Angel Productions, Inc., and Kellie McKenzie in San Diego County Superior Court. [Doc. No. 1 at 12.] On May 3, 2017, Defendant Jeffrey Franks, proceeding *pro se*, removed the action to this court. [Doc. No. 1.] After reviewing the notice of removal and the underlying complaint, the Court finds that the Court lacks subject matter jurisdiction over this case. Accordingly, the Court **REMANDS** this action to state court.

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). On the other hand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.

§ 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."). The Court may remand *sua sponte* or on motion of a party. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ."). "The defendant bears the burden of establishing that removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. In the notice of removal, Jeffrey Franks argues only that this Court has federal-question jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Here, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*, No. 15-CV-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat*, No. 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012)

("Unlawful detainer actions are strictly within the province of state court.") (quotations omitted). Accordingly, the face of the complaint does not present a federal question justifying removal.

Jeffrey Franks argues that federal question exists because Plaintiff allegedly violated the notice provisions of the Protecting Tenants at Foreclosure Act ("PTFA"), and that the PTFA preempts Plaintiff's unlawful detainer action. He is incorrect. "First, the PTFA expired on December 31, 2014." *Fairview Tasman LLC v. Young*, No. 15-CV-05493-LHK, 2016 WL 199060, at *2 (N.D. Cal. Jan. 18, 2016) (citing Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376, 2204 (2010) (setting date of expiration)).

Second, even if it had not expired, "[t]he PTFA creates no cause of action allowing for evictions, either explicitly or implicitly." *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *3 (C.D. Cal. Nov. 22, 2010). While Jeffrey Franks may be able to assert a violation of the PTFA as a defense to the unlawful detainer claim, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. "Indeed, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90–day notice provision of the PTFA." *U.S. Bank Trust, N.A. v. Bracken*, No. 2:14-CV-1738-TLN-KJN, 2014 WL 3729563, at *3 (E.D. Cal. July 25, 2014) report and recommendation adopted, No. 2:14-CV-1738-TLN-KJN, 2014 WL 4197566 (E.D. Cal. Aug. 22, 2014). "Put simply, the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). Accordingly, the possible existence of issues under the PTFA does not establish federal question jurisdiction under 28 U.S.C. § 1331.

Jeffrey Franks does not argue that removal is proper on the basis of diversity jurisdiction, and the complaint makes clear that no such jurisdiction exists. For a federal

3

3:17-CV-893-CAB-AGS

court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff's complaint explicitly states that he seeks limited civil damages totaling less than $10,000. Thus, diversity jurisdiction is lacking as well.

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and therefore **REMANDS** the case to San Diego County Superior Court.

It is **SO ORDERED**.

Dated: May 4, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge